MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ALEJANDRINO ENRIQUE NESTOR (A.K.A.
ALEX), *individually and on behalf of others
similarly situated,*

*Plaintiff*,

-against-

RUAY THAI RESTAURANT LLC (D/B/A
MAISON THAI), TRENDY THAI LLC
(D/B/A MAISON THAI), JEFFRY
HARDINGER (A.K.A. JEFFREY),
VARALUX HARDINGER, LISA DOE, and
NOI DOE,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Alejandrino Enrique Nestor (a.k.a. Alex) ("Plaintiff Enrique" or "Mr. Enrique"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon his knowledge and belief, and as against Ruay Thai Restaurant

LLC (d/b/a Maison Thai), Trendy Thai LLC (d/b/a Maison Thai), ("Defendant Corporations"),

Jeffry Hardinger (a.k.a. Jeffrey),  Varalux Hardinger,  Lisa Doe, and  Noi Doe, ("Individual

Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.    Plaintiff Enrique is a former employee of Defendants Ruay Thai Restaurant LLC (d/b/a Maison Thai), Trendy Thai LLC (d/b/a Maison Thai), Jeffry Hardinger (a.k.a. Jeffrey), Varalux Hardinger, Lisa Doe, and Noi Doe.

2.     Defendants own, operate, or control a Thai restaurant, located at 625 2nd Ave, New York, NY 10016 under the name "Maison Thai."

3.    Upon information and belief, individual Defendants Jeffry Hardinger (a.k.a. Jeffrey), Varalux Hardinger, Lisa Doe, and Noi Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Enrique was employed as a delivery worker at the restaurant located at 625 2nd Ave, New York, NY 10016.

5.    Plaintiff Enrique was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to cleaning the kitchen, dishwashing, cleaning the basement, cutting vegetables, preparing food, cleaning the building's stairs, cleaning the corridor outside the building, taking out the trash, folding card boxes, and storing and stocking deliveries (hereafter the "non-tipped duties").

6.    At all times relevant to this Complaint, Plaintiff Enrique worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Enrique appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiff Enrique wages on a timely basis.

9.     Defendants employed and accounted for Plaintiff Enrique as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Enrique's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Enrique's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Enrique at the minimum wage rate and enabled them to pay him above the tip-credit rate, but below the minimum wage.

12.     Defendants' conduct extended beyond Plaintiff Enrique to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Enrique and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14. Plaintiff Enrique now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

15. Plaintiff Enrique seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Enrique's state law claims under 28 U.S.C. § 1367(a).

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Thai restaurant located in this district. Further, Plaintiff Enrique was employed by Defendants in this district.

## PARTIES

*Plaintiff*

18. Plaintiff Alejandrino Enrique Nestor (a.k.a. Alex) ("Plaintiff Enrique" or "Mr. Enrique") is an adult individual residing in New York County, New York.

19. Plaintiff Enrique was employed by Defendants at Maison Thai from approximately March 2015 until on or about November 17, 2018.

20.    Plaintiff Enrique consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21.    At all relevant times, Defendants owned, operated, or controlled a Thai restaurant, located at 625 2nd Ave, New York, NY 10016 under the name "Maison Thai."

22.    Upon information and belief, Ruay Thai Restaurant LLC (d/b/a Maison Thai) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 625 2nd Ave, New York, NY 10016.

23.    Upon information and belief, Trendy Thai LLC (d/b/a Maison Thai) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 625 2nd Ave, New York, NY 10016.

24.    Defendant Jeffry Hardinger (a.k.a. Jeffrey) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jeffry Hardinger (a.k.a. Jeffrey) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jeffry Hardinger (a.k.a. Jeffrey) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Enrique, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Varalux Hardinger is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Varalux Hardinger is

sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Varalux Hardinger possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Enrique, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant Lisa Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Lisa Doe is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Lisa Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Enrique, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Noi Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Noi Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Noi Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Enrique, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operate a Thai restaurant located in the Murray Hill section of Manhattan in New York City.

29.     Individual Defendants, Jeffry Hardinger (a.k.a. Jeffrey), Varalux Hardinger, Lisa Doe, and Noi Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiff Enrique's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Enrique, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiff Enrique (and all similarly situated employees) and are Plaintiff Enrique's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiff Enrique and/or similarly situated individuals.

34.     Upon information and belief, Individual Defendants Jeffry Hardinger (a.k.a. Jeffrey), Varalux Hardinger, Lisa Doe, and Noi Doe operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

35.   At all relevant times, Defendants were Plaintiff Enrique's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Enrique, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Enrique's services.

36.   In each year from 2015 until 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

38.     Plaintiff Enrique is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

39.     Plaintiff Enrique seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Alejandrino Enrique Nestor (a.k.a. Alex)*

40.     Plaintiff Enrique was employed by Defendants from approximately March 2015 until on or about November 17, 2018.

41.     Defendants ostensibly employed Plaintiff Enrique as a delivery worker.

42.     However, Plaintiff Enrique was also required to spend a significant portion of his work day performing the non-tipped duties described above.

43.     Although Plaintiff Enrique ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

44.     Plaintiff Enrique regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

45.     Plaintiff Enrique's work duties required neither discretion nor independent judgment.

46.     From approximately March 2015 until on or about May 2017, then from approximately July 2017 until on or about October 2017 and then from approximately March 2018 until on or about July 2018, Plaintiff Enrique regularly worked in excess of 40 hours per week.

47.    From approximately March 2015 until on or about May 2017 and then from approximately July 2017 until on or about October 2017, Plaintiff Enrique worked from approximately 4:00 p.m. until on or about 12:00 a.m., 6 days a week (typically 48 hours per week).

48.    From approximately November 2017 until on or about March 2018 and then from approximately July 2018 until on or about November 8, 2018, Plaintiff Enrique worked from approximately 6:00 p.m. until on or about 11:00 p.m., 6 days a week (typically 30 hours per week).

49.    From approximately March 2018 until on or about July 2018, Plaintiff Enrique worked from approximately 5:00 p.m. until on or about 11:00 p.m. to 11:20 p.m., 7 days a week (typically 42 to 44.3 hours per week).

50.    From approximately November 9, 2018 until on or about November 17, 2018, Plaintiff Enrique worked from approximately 7:00 p.m. until on or about 10:00 p.m., 5 days a week (typically 15 hours per week).

51.    Throughout his employment, Defendants paid Plaintiff Enrique his wages in cash.

52.    From approximately March 16, 2015 until on or about December 2015, Defendants paid Plaintiff Enrique $9.00 per hour for 31 to 33 hours per week.

53.    From approximately January 2016 until on or about March 2018, Defendants paid Plaintiff Enrique $11.00 per hour for 32 to 33 hours per week.

54.    From approximately March 2018 until on or about July 2018, Defendants paid Plaintiff Enrique $11.00 per hour for 34 to 35 hours per week.

55.    From approximately July 2018 until on or about November 8, 2018, Defendants paid Plaintiff Enrique $11.00 per hour for 28 hours per week.

56.    For approximately two weeks throughout his employment, from approximately March 1, 2015 until on or about March 15, 2015 and from approximately November 9, 2018 until

on or about November 17, 2018, Defendants did not pay Plaintiff Enrique any wages for his hours worked.

57.    Plaintiff Enrique's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

58.    For example, Defendants required Plaintiff Enrique to work an additional 15 to 30 minutes past his scheduled departure time one or two days a week, and did not pay him for the additional time he worked.

59.    Defendants never granted Plaintiff Enrique any breaks or meal periods of any kind.

60.    Plaintiff Enrique was never notified by Defendants that his tips were being included as an offset for wages.

61.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Enrique's wages.

62.    Plaintiff Enrique was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

63.    In addition, in order to get paid, Plaintiff Enrique was required to sign a document in which Defendants misrepresented the hours that he worked per week.

64.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Enrique regarding overtime and wages under the FLSA and NYLL.

65.    Defendants did not provide Plaintiff Enrique an accurate statement of wages, as required by NYLL 195(3).

66.     Defendants did not give any notice to Plaintiff Enrique, in English and in Spanish (Plaintiff Enrique's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

67.     Defendants required Plaintiff Enrique to purchase "tools of the trade" with his own funds—including two bicycles, one helmet, bicycle's monthly maintenance and three pair of lights.

*Defendants' General Employment Practices*

68.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Enrique (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

69.     Plaintiff Enrique was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

70.     Defendants' pay practices resulted in Plaintiff Enrique not receiving payment for all his hours worked, and resulted in Plaintiff Enrique's effective rate of pay falling below the required minimum wage rate.

71.     Defendants habitually required Plaintiff Enrique to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

72.     Defendants required Plaintiff Enrique and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

73.     Plaintiff Enrique and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

74.     Plaintiff Enrique's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

75.     Plaintiff Enrique and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

76.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Enrique's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

77.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

78.     In violation of federal and state law as codified above, Defendants classified Plaintiff Enrique and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

79.     Defendants failed to inform Plaintiff Enrique who received tips that Defendants intended to take a deduction against Plaintiff Enrique's earned wages for tip income, as required by the NYLL before any deduction may be taken.

80.     Defendants failed to inform Plaintiff Enrique who received tips, that his tips were being credited towards the payment of the minimum wage.

81.     Defendants failed to maintain a record of tips earned by Plaintiff Enrique who worked as a delivery worker for the tips he received.

82.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

83.     Defendants required Plaintiff Enrique to sign a document that reflected inaccurate or false hours worked.

84.     Defendants paid Plaintiff Enrique his wages in cash.

85.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

86.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Enrique (and similarly situated individuals) worked, and to avoid paying Plaintiff Enrique properly for his full hours worked.

87.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

88.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Enrique and other similarly situated former workers.

89.     Defendants failed to provide Plaintiff  Enrique and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the

minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of

pay; the number of regular hours worked; and the number of overtime hours worked, as required

by NYLL §195(3).

90.     Defendants failed to provide Plaintiff Enrique and other employees, at the time of

hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as

part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

designated by the employer; the name of the employer; any "doing business as" names used by the

employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by New York

Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

91.     Plaintiff Enrique brings his FLSA minimum wage, overtime compensation, and

liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §

216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who

are or were employed by Defendants or any of them, on or after the date that is three years before

the filing of the complaint in this case (the "FLSA Class Period").

92.     At all relevant times, Plaintiff Enrique and other members of the FLSA Class were

similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required minimum wage, overtime

pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

93.    The claims of Plaintiff Enrique stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

94.    Plaintiff Enrique repeats and realleges all paragraphs above as though fully set forth herein.

95.    At all times relevant to this action, Defendants were Plaintiff Enrique's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Enrique (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

96.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

97.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

98.    Defendants failed to pay Plaintiff Enrique (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

99.    Defendants' failure to pay Plaintiff Enrique (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

100.    Plaintiff Enrique (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

101.    Plaintiff Enrique repeats and realleges all paragraphs above as though fully set forth herein.

102.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Enrique (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

103.    Defendants' failure to pay Plaintiff Enrique (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

104.    Plaintiff Enrique (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

105.    Plaintiff Enrique repeats and realleges all paragraphs above as though fully set forth herein.

106.    At all times relevant to this action, Defendants were Plaintiff Enrique's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Enrique, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

107.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Enrique less than the minimum wage.

108.    Defendants' failure to pay Plaintiff Enrique the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

109.    Plaintiff Enrique was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

110.    Plaintiff Enrique repeats and realleges all paragraphs above as though fully set forth herein.

111.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Enrique overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

112.    Defendants' failure to pay Plaintiff Enrique overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

113.    Plaintiff Enrique was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

114.    Plaintiff Enrique repeats and realleges all paragraphs above as though fully set forth herein.

115.    Defendants failed to provide Plaintiff Enrique with a written notice, in English and in Spanish (Plaintiff Enrique's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

116.    Defendants are liable to Plaintiff Enrique in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

117.    Plaintiff Enrique repeats and realleges all paragraphs above as though fully set forth herein.

118.    With each payment of wages, Defendants failed to provide Plaintiff Enrique with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

119.    Defendants are liable to Plaintiff Enrique in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

120.    Plaintiff Enrique repeats and realleges all paragraphs above as though fully set forth herein.

121.    Defendants required Plaintiff Enrique to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

122.    Plaintiff Enrique was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

123.    Plaintiff Enrique repeats and realleges all paragraphs above as though set forth fully herein.

124.    Defendants did not pay Plaintiff Enrique on a regular weekly basis, in violation of NYLL §191.

125.    Defendants are liable to Plaintiff Enrique in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Enrique respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Enrique and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Enrique and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Enrique's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Enrique and the FLSA Class members;

(f)    Awarding Plaintiff Enrique and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Enrique and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Enrique;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Enrique;

(j)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Enrique;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Enrique's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Enrique;

(m)      Awarding Plaintiff Enrique damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)      Awarding Plaintiff Enrique damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Enrique liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Enrique and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Enrique and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Enrique demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
       November 29, 2018

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                By:    /s/ Michael Faillace
                       Michael Faillace [MF-8436]
                       60 East 42nd Street, Suite 4510
                       New York, New York 10165
                       Telephone: (212) 317-1200
                       Facsimile: (212) 317-1620
                       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 19, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                   Alejandrino Enrique Nestor

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    19 de Noviembre del 2018

*Certified as a minority-owned business in the State of New York*